IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT FLECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-3028 |
| | ) | |
| THE CITY OF SPRINGFIELD, | ) | |
| ILLINOIS, a municipal corporation, | ) | |
| JOHN HARRIS, and DAN HUGHES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge

The Court now considers the Defendants' Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(b).

## FACTS

Plaintiff Robert Fleck has sued his former employer, the City of Springfield, Illinois, and two of his former supervisors, John Harris and Dan Hughes pursuant to 42 U.S.C. §1983.  On June 8, 2004, the Court entered a scheduling order requiring the parties to make initial

1

disclosures by July 15, 2004.  The Defendants satisfied their obligations by that date.

Plaintiff failed to timely submit his discovery disclosures.  Thus, on August 23, 2004, the Defendants sent Plaintiff's counsel a letter asking him to contact them about the discovery issue.  The letter was placed in a file and counsel never read it.  The Defendants then telephoned counsel and asked him to call them to discuss the discovery matter.  Due to the press of business or an oversight, counsel did not return the Defendants' call.

On July 7, 2005, the Defendants moved the Court to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff's attorney has since tendered his discovery disclosures to the Defendants.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of a case or claim against it when a plaintiff fails to prosecute or to comply with "any order of court . . . ."  See id.  The cases

interpreting this Rule require the moving party to show either "a clear record of delay or contumacious conduct" or that "other less drastic sanctions have proven unavailing." See Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); see also Maynard v. Nygren, 332 F.3d 462, 468 (7th Cir. 2003).  "[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case." Id.

In the instant case, Plaintiff's counsel did not comply with the Court's discovery order.  He also failed to respond to the Defendants' letter and phone call.  While the Court does not condone this conduct, it is obvious that one missed correspondence and one neglected phone call do not establish clear and convincing of willfulness, bad faith or fault.  If counsel's actions satisfied that standard, the Defendants surely would have a cited a case to that effect.  The Defendants have not done so.[1]

---

[1] The only legal proposition the Defendants cite in support of dismissal is Fed.R.Civ.P. 41(b). The mere citation of this rule does not satisfy Local Rule 7.1(B)(1).  See id.  ("Every motion raising a question of law . . . shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies . . . ." (emphasis in original).  The Defendants, like all other parties who appear before the Court, shall

Moreover, the Court has not found a single case that would support dismissal under these circumstances.

<u>Ergo</u>, the Defendants' Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(b) (d/e 18) is DENIED.

ENTERED: August 10, 2005

FOR THE COURT:

s/ Richard Mills<br>United States District Judge

---

comply with Local 7.1(B)(1) in the future or risk having their motion denied outright.