# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT FLECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-3028 |
| | ) | |
| THE CITY OF SPRINGFIELD, | ) | |
| ILLINOIS, a municipal corporation, | ) | |
| JOHN HARRIS, and DAN HUGHES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge

The Court now considers the Defendants' motions *in limine*.

## FACTS

Plaintiff Robert Fleck has sued his former employer, the City of Springfield, Illinois, and two of his former supervisors, John Harris and Dan Hughes (collectively "the Defendants") pursuant to 42 U.S.C. §1983.  The Court entered a scheduling order requiring the parties to make Rule 26 initial disclosures by July 15, 2004.  The

1

Defendants satisfied their obligations. Plaintiff did not.

On August 3, 2004, the Defendants sent Plaintiff's counsel a letter asking him to contact them about the discovery issue. Plaintiff's counsel misplaced the letter and, therefore, never read it. The Defendants telephoned counsel and asked him to call them about the discovery matter. Plaintiff's counsel did not return the Defendants' call.

On July 7, 2005, the Defendants moved the Court to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). Because the Defendants did not show that one missed correspondence and one neglected phone call established a clear record of willfulness, bad faith or fault, the Court denied the motion to dismiss. See d/e 21.

On October 13, 2005, four days prior to this case's final pretrial conference, Plaintiff's counsel offered to present witnesses for deposition. The Defendants refused the offer on October 14, citing an inability to adequately prepare for and complete the depositions.

On the day of the final pretrial conference, the Defendants filed two motions *in limine*. The first motion sought to bar Plaintiff from

2

calling any witness(es) not identified in the Rule 26 disclosures. In particular, the Defendants asked the Court to prevent Plaintiff from calling Kevin Hickey, Chuck Kean, Pat Fogelman, Jim Fleck, Mary Vasconcelles, Francie (LNU), Mark Harms, Joe Schweska, Brian McFadden, Bill Workman, and Ron Stone. With the exception of Plaintiff's father, Jim Fleck, all of these individuals are current or former City of Springfield employees, persons whose identities are known to the City and whose names appear in documents the City provided during discovery, or persons identified by the Defendants in their own Rule 26 disclosure. The second motion sought to bar Plaintiff from presenting evidence of damages because Plaintiff failed to disclose his computation of damages in his Rule 26 disclosures.

## ANALYSIS

In relevant part, Federal Rule of Civil Procedure 26(a)(1) states that a party must provide to other parties:

> **(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

. . .

>  **(C)** a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; . . . .

Fed.R.Civ.P. 26(a)(1)(A), (C).

Federal Rule of Civil Procedure 37 sets forth applicable penalties for a party who fails to comply with Rule 26. Rule 37 (c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed.R.Civ.P. 37(c)(1).

Plaintiff's counsel's response to the Defendants' motions *in limine* does not offer any justification for failing to satisfy Rule 26. This omission, like the failure to make the initial disclosures, is uncharacteristic of counsel. Moreover, counsel's offer to present witnesses for deposition was an inadequate accommodation given that

the offer was made a mere four days before the final pretrial conference. The Defendants were entitled to Plaintiff's witness list long before that time. Furthermore, Plaintiff's late offer did not allow the Defendants' attorneys to adequately prepare for the depositions.

Plaintiff's counsel should also be faulted for not disclosing records and materials relevant to his computation of damages. Counsel tries to deflect this omission by arguing that the City is in the best position to calculate damages because it maintains records of wages, benefits, opportunity for overtime, prospective backpay, and prospective loss of seniority. This argument overlooks the fact that counsel has a duty under Rule 26(a)(1)(C) to provide the Defendants a computation of damages and evidence relevant thereto. Additionally, counsel's argument tends to make Defendants responsible for calculating and supplying evidence of loss when it is Plaintiff's burden to do that. The Court does not regard any of this lightly.

Nevertheless, the Defendants have not shown that the harm they suffered warrants the relief they seek. Instead of barring witnesses and

prohibiting Plaintiff from introducing evidence of damages, the Defendants' harm could be remedied by making witnesses available for deposition and directing Plaintiff to satisfy Rule 26(a)(1)(C).  Relief in this fashion allows relevant evidence to be heard and the merits to be determined.  Additionally, the Defendants' motion *in limine* is deficient in that it fails to include a certification showing that the Defendants have in good faith conferred or attempted to confer with the Plaintiff before seeking compulsory disclosure or sanctions.  Such a certification is mandatory and relief cannot be granted without it.  See Fed.R.Civ.P. 37(a)(2).

Ergo, the Defendants' First Motion In Limine (d/e 23) and Second Motion In Limine (d/e 24) are DENIED.  However, the Defendants are given until January 13, 2006, to depose Kevin Hickey, Chuck Kean, Pat Fogelman, Jim Fleck, Mary Vasconcelles, Francie (LNU), Mark Harms, Joe Schweska, Brian McFadden, Bill Workman, and Ron Stone.  The Court ORDERS Plaintiff to satisfy Rule 26(a)(1)(C) by December 16, 2005, and warns that his failure to do so may result in unwanted

sanction. In light of all this, the December trial is CANCELLED. Trial is RESCHEDULED for January 24-26, 2006.

    ENTERED: November 22, 2005

    FOR THE COURT:

                                          s/ Richard Mills
                                        United States District Judge